Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio


★ ★ ★  ★ ★ ★

## MEMORANDUM OPINION

No. 04-09-00646-CR

Averin A. **WOODARD**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CR-6258
Honorable Sid L. Harle, Judge Presiding

Opinion by:  Marialyn Barnard, Justice

Sitting:  Catherine Stone, Chief Justice
Karen Angelini, Justice
Marialyn Barnard, Justice

Delivered and Filed: October 20, 2010

AFFIRMED

Following a jury trial, appellant Averin A. Woodard was convicted of felony assault-family violence second (habitual). After Woodard pled true to two felony enhancements, the trial court sentenced him to twenty-five years confinement. On appeal, Woodard contends he received ineffective assistance of counsel. We affirm the trial court's judgment.

**BACKGROUND**

Woodard and Michelle White were married and lived together in a house owned by White's grandmother. On April 5, 2008, Officer Ramsey Garcia of the San Antonio Police Department was dispatched to the house to investigate a report of family violence. When he arrived at the house, he met White, whose face and clothes were bloody. White and her grandmother, Ada Mae Anthony, were the only adults in the house when the officer arrived. Officer Garcia took statements from each woman. Both White and Anthony told Officer Garcia that Woodard hit White in the face. Officer Garcia called a police helicopter to search the area for Woodard. Meanwhile, White was taken to the hospital. Woodard was ultimately arrested and charged with felony assault-family violence second (habitual).

At trial, White testified she married Woodard in mid-March 2008, and they moved into the house at the end of the month. According to White, on April 5, 2008, she and Woodard had an altercation in which Woodard struck her above the left eye. White testified the argument was the result of a phone call to White from a male friend. Woodard answered the phone, became jealous, and accused White of cheating on him. When White attempted to walk away, Woodard hit her once above the left eye with his fist. White lost her eyesight as blood ran down her face. She tried to call 911 on her cell phone, but Woodard wrestled the phone away from her. Her grandmother was in the room and hit Woodard with her cane. Woodard then ran out of the house. White called 911, and police officers arrived at the house. She went to the hospital and received nine stitches above her eye. At the time of the assault, White was two months pregnant with Woodard's baby, but she suffered a miscarriage a week and a half later.

Anthony also testified at trial. Anthony testified she saw Woodard hit White, but she was unable to identify him at trial. Anthony stated she was three or four feet away during the incident, and she hit Woodard with her cane when he tried to take away the phone away from White. Anthony testified she had received corneal transplants several years before the incident, but her vision did not require any corrective lenses.

After the guilt/innocence phase of the trial, but before the punishment phase, Woodard's attorney filed a motion to withdraw, which was granted. The trial court appointed another attorney to represent Woodard at the punishment phase. As noted above, Woodard was convicted. He then perfected this appeal.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Woodard contends he received ineffective assistance of counsel when his trial attorney failed to: (1) raise issues of sanity and competence, (2) object to evidence of White's miscarriage, (3) object to testimony that White visited Woodard in jail, and (4) object to testimony that Woodard was previously incarcerated.

To prevail on an ineffective assistance of counsel claim, an appellant must show (1) deficient performance by trial counsel, and (2) prejudice arising from the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *Garza v. State*, 213 S.W.3d 338, 347 (Tex. Crim. App. 2007). In order to establish counsel's performance was deficient, an appellant must prove by a preponderance of evidence that his counsel's representation fell below an objective standard of professional norms. *Strickland*, 466 U.S. at 688; *Garza*, 213 S.W.3d at 347–48. Finally, to establish the defense was prejudiced, an appellant must show there is a reasonable probability that but for trial counsel's errors, the outcome of the trial would have been different. *Mitchell v. State*, 68 S.W.3d

640, 642 (Tex. Crim. App. 2002); *Ruiz v. State*, 293 S.W.3d 685, 690 (Tex. App.—San Antonio 2009, pet. ref'd).

We must presume trial counsel provided effective assistance. *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001). There is a strong presumption that trial counsel's decisions and actions were motivated by sound trial strategy. *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005). To overcome this presumption, an appellant must establish counsel's ineffectiveness is "firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App.1999). Rarely will a reviewing court be able to validate an ineffective assistance of counsel claim on direct appeal because the record is generally undeveloped. *Id.* Thus, a substantial risk of failure accompanies an appellant's claim of ineffective assistance of counsel on direct appeal. *Id.* at 813–14.

Counsel's conduct is reviewed with great deference, especially where counsel's reasons for failing to do something do not appear in the record. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). Trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective. *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003). Absent such an opportunity, a reviewing court cannot speculate that counsel's performance was deficient. *Ruiz*, 293 S.W.3d at 690–91. Rather, if the record is silent as to the reasons behind counsel's actions or decisions, the presumption of effectiveness is sufficient to deny relief. *Id.* (citing *Rylander*, 101 S.W.3d at 110–11). Trial counsel's performance will be deemed sufficient if any strategy can be ascribed to his actions or decisions, and his performance will be found deficient only if "the conduct was so outrageous that no competent attorney would have engaged in it." *Andrews v. State*, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005).

### *Insanity and Incompetence*

Woodard first contends he received ineffective assistance of counsel because his trial attorney failed to raise issues of sanity and competence. There is no evidence in the record of counsel's trial strategy with regard to Woodard's mental condition. And, in fact, there is little evidence in the record to suggest Woodard suffered from insanity or incompetence. Woodard points to information in a "*pro se* jailhouse lawyer" pleading, which he filed. However, the statements in that document were self-serving and unsupported by evidence, and were strongly contested by the State.

Woodard also points to a portion of the charge conference where he indicated having problems understanding the range of punishment. However, the record reflects the range of punishment was previously explained to Woodard, and he acknowledged he understood. Woodard claimed he had trouble remembering what he had been previously told regarding the range of punishment. Yet, these statements do not suggest Woodard was insane or incompetent, and therefore, Woodard has not presented evidence "firmly rooted in the record" that would cause this court to find trial counsel constitutionally ineffective. *See McFarland v. State*, 928 S.W.2d. 482, 500 (Tex. Crim. App. 1996). Given the record, we hold counsel's failure to raise the issues of sanity and competency was not outside objective professional norms, *see Garza*, 213 S.W.3d at 347–48, and was not so outrageous that no competent attorney would have made the same decision. *See Andrews*, 159 S.W.3d at 101. Accordingly, we hold Woodard has failed to establish his trial counsel's performance was deficient. *See Strickland*, 466 U.S. at 688; *Garza*, 213 S.W.3d at 347.

### *Failure to Object*

Woodard also contends his trial counsel should have objected to evidence that White suffered a miscarriage approximately a week after the assault. The record on appeal is silent as to why Woodard's trial counsel failed to object to the miscarriage evidence, and trial counsel was not afforded an opportunity to explain his actions. Absent an opportunity to explain, this court will not presume counsel's performance was deficient because trial counsel's performance is deemed sufficient if any strategy can be ascribed to his actions or decisions. *Ruiz*, 293 S.W.3d at 690–91; *Andrews*, 159 S.W.3d at 101; *Rylander*, 101 S.W.3d at 111. Woodard's counsel may not have wanted to bring undue attention to the evidence by objecting. Because the record is silent as to the reasons behind counsel's decisions or actions, and because Woodard has not presented evidence to rebut the presumption of effectiveness, his ineffective assistance of counsel claim based on the failure to object to the miscarriage evidence is without merit. *See Strickland*, 466 U.S. at 688; *Garza*, 213 S.W.3d at 347.

Woodard also contends he received ineffective assistance of counsel because his trial attorney failed to object to testimony that White visited Woodard in jail after the incident and that Woodard was previously incarcerated. Again, the appellate record is silent as to why Woodard's trial counsel failed to object to this testimony, and again we must presume effectiveness. *See Ruiz*, 293 S.W.3d at 690–91. As with the miscarriage testimony, trial counsel may have chosen not to object to White's testimony regarding Woodard's previous incarceration to avoid bringing more attention to it, and counsel might have considered the evidence regarding White's post-assault visit to Woodard a benefit to the defense. Woodard has, therefore, failed to show there is evidence in the record to

rebut the presumption of effectiveness, so his claim lacks merit. *See Strickland*, 466 U.S. at 688; *Garza*, 213 S.W.3d at 347.

Finally, even if trial counsel was ineffective for any of the reasons asserted by Woodard, he has failed to establish his defense suffered any prejudice as a result of counsel's alleged failures, i.e., that there is a reasonable probability that but for the alleged error, the outcome of the trial would have been different. *See Strickland*, 466 U.S. at 688; *Mitchell*, 69 S.W.3d at 642; *Ruiz*, 293 S.W.3d at 690. When reviewing an ineffective assistance claim, "[a]n appellate court looks to the totality of the representation and the particular circumstances of each case." *Thompson*, 9 S.W.3d at 813. In this case, there was clear testimony that Woodard assaulted White, justifying his conviction. Because Woodard failed to establish prejudice to his defense, his claim of ineffective assistance of counsel must be denied. *See Strickland*, 466 U.S. at 688; *Garza*, 213 S.W.3d at 347.

## CONCLUSION

We overrule Woodard's point of error and affirm the trial court's judgment.

Marialyn Barnard, Justice

Do Not Publish